# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 25-7034**

**September Term, 2025**

FILED ON: JULY 21, 2026

HDEEL ABDELHADY,

APPELLANT

v.

GEORGE WASHINGTON UNIVERSITY, ET AL.,

APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-01334)

---

Before: MILLETT, PILLARD, and PAN, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). For the reasons stated below, it is:

**ORDERED** and **ADJUDGED** that the November 29, 2022 order granting defendants' motions to dismiss and for summary judgment and the February 25, 2025 order granting plaintiff's voluntary motion to dismiss with prejudice, be **AFFIRMED**.

\*　　\*　　\*

This case arises out of a personal injury incident on May 15, 2019. J.A. 19. Appellant Hdeel Abdelhady, an adjunct law professor at the George Washington University ("University"), attended an adjunct appreciation luncheon at the law school. J.A. 19. She "was descending a staircase when her shoe was caught on an uneven, sticky, and additionally hazardous stair surface." J.A. 19. This caused her "to lose control of her body and stumble forward down the stairwell[,]" injuring her arm and head. J.A. 19–20.

1

After receiving payment through the District of Columbia's workers' compensation system, *see* J.A. 39, 42, Ms. Abdelhady filed suit in district court in May 2022 against the University and its third-party insurer PMA Management Corporation ("PMA"), as well as Aramark Services, Inc., and Aramark Management Services Limited Partnership (collectively "Aramark"), a contractor allegedly in charge of maintaining the law school facilities, J.A. 18–19. The district court granted summary judgment to defendants on Ms. Abdelhady's negligence claim and dismissed all other counts for failure to state a claim. *Abdelhady v. George Washington Univ.*, No. 22-CV-01334, 2022 WL 17364618, at *1 (D.D.C. Dec. 1, 2022). Ms. Abdelhady now appeals those holdings.[*]

Ms. Abdelhady argues on appeal that (1) the court should reverse the grant of PMA's motion to dismiss because it defaulted and impermissibly adopted the University's arguments, (2) summary judgment on her negligence claim was improperly granted to the University, and (3) her remaining claims should not have been dismissed. *See* Abdelhady Br. 32–55. Ms. Abdelhady's arguments do not succeed.

**I**

With respect to the district court's decision granting PMA's motion to dismiss, Ms. Abdelhady argues that PMA defaulted by missing the deadline to respond to her amended complaint, and so this court must "direct the Clerk below to enter default against PMA[.]" Abdelhady Br. 36. She separately challenges PMA's ability to adopt the University's motion to dismiss arguments. *Id.* at 38–39.

A district court "may, for good cause," grant an extension of time on a filing after the fact "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). In assessing the district court's grant of such an extension, we consider (1) prejudice, (2) length and impact of the delay, (3) reason for the delay, and (4) good faith. *Cohen v. Board of Trustees of the Univ. of the D.C.*, 819 F.3d 476, 479 (D.C. Cir. 2016) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993)). We afford district courts "great deference" in making "case-management decisions," *Yesudian ex rel. U.S. v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (quotation marks omitted), and review such decisions for an abuse of discretion, *Cohen*, 819 F.3d at 479.

Ms. Abdelhady is correct that PMA was late in responding to her amended complaint at the outset of the case. *See* Minute Order (July 1, 2022); Mot. for Extension of Time, ECF No. 21. But, for two reasons, the district court did not abuse its discretion in granting PMA a brief, non-

---

[*] Though Ms. Abdelhady brings her case *pro se*, we do not afford her pleadings and arguments special solicitude because she is a practicing attorney, and she has made no argument that she is entitled to extra lenience as an uncounseled party. *See* J.A. 27; Abdelhady Br. 58; *Spence v. Department of Veterans Affs.*, 109 F.4th 531, 538 (D.C. Cir. 2024); *Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 529 n.1 (D.C. Cir. 2025).

prejudicial extension and declining to enter default or a default judgment against PMA.

*First*, none of the factors we consider in reviewing a district court's grant of an extension indicate an abuse of discretion. Ms. Abdelhady identifies no prejudice to her that resulted from the brief two-week delay. Though Ms. Abdelhady underscores that PMA was also delayed in answering her original complaint, that single-day delay was after Ms. Abdelhady had notified defendants that she intended to file an amended complaint, which would reset all responsive deadlines. *See* Consent Mot. for Extension of Time to File Answer, ECF No. 10 at 1.

Further, PMA provided good reasons for its delay in responding to the amended complaint. PMA's counsel explained to the court that its client had initially retained other counsel in this matter only to realize that counsel had a conflict. Resp. to Mot. for Recons., ECF No. 24 at 2. Newly retained counsel promptly moved for an extension the day he was retained. *Id.* That one instance of a brief and understandable delay is a far cry from a chronic "pattern" of delays that could "burden judicial proceedings[,]" and so warrant default judgment. *Cohen*, 819 F.3d at 480.

Finally, Ms. Abdelhady has not identified any indications of bad faith from PMA's counsel.

Given all of that, the district court acted squarely within its discretion in granting PMA an extension on its response.

*Second*, Ms. Abdelhady herself committed a procedural omission in seeking a default ruling. The Federal Rules of Civil Procedure require that a plaintiff seeking a default judgment first apply to the clerk of court for entry of "default" and "show[] by affidavit or otherwise" that a defendant "has failed to plead or otherwise defend" the case. FED. R. CIV. P. 55(a). Only after that can the plaintiff apply to either the clerk of court or the court itself for a final, enforceable default judgment. FED. R. CIV. P. 55(b).

Ms. Abdelhady failed to apply with the clerk of court for an entry of default. Instead, she filed with the district court what she labeled an "affidavit of default" that simply showed that PMA had been served with process in a timely fashion and then asked the court for entry of a default judgment. *See* Aff. of Default on Def. PMA, ECF No. 19 at 1. That "request should have been made to the clerk of the court" first, *Estate of Botvin by Ellis v. Heideman, Nudelman & Kalik, P.C.*, 115 F.4th 594, 596 (D.C. Cir. 2024), and only then could Ms. Abdelhady have moved the district court to enter default judgment against PMA, *Shatsky v. Palestine Liberation Org.*, 955 F.3d 1016, 1023 (D.C. Cir. 2020) ("Once the Clerk [has entered default], the plaintiff may 'apply to the court for a default judgment[.]'") (quoting FED. R. CIV. P. 55(b)(2)).

Ms. Abdelhady separately challenges the district court's dismissal of her claims against PMA on the ground that "[t]he Federal Rules do not permit 'adoption' by one party of another's motion[,]" and so, in her view, PMA effectively failed to move to dismiss when it simply adopted the University's arguments. Abdelhady Br. 38–39 (citing FED. R. CIV. P. 10(c)).

That is incorrect. Nothing in Federal Rule of Civil Procedure 10 or anywhere else in those Rules prohibits the longstanding practice of parties adopting the arguments in a motion filed by a

3

co-party. *See, e.g., Alabama v. United States Army Corps of Eng'rs*, 704 F. Supp. 3d 20, 71 (D.D.C. 2023); *Indigenous People of Biafra v. Sheehan*, 643 F. Supp. 3d 140, 148 (D.D.C. 2022); *Fam v. Bank of America NA (USA)*, 236 F. Supp. 3d 397, 404 (D.D.C. 2017); *Carroll v. Fremont Inv. & Loan*, 636 F. Supp. 2d 41, 54 (D.D.C. 2009); *Juergens v. Urban Title Servs., Inc.*, 246 F.R.D. 4, 13 (D.D.C. 2007).

Ms. Abdelhady next argues that judgment for PMA "is void for lack of a 'controversy' and due process." Abdelhady Br. 37. Ms. Abdelhady has forfeited this argument by failing to raise it below, *see McKinney v. District of Columbia*, 142 F.4th 784, 793 (D.C. Cir. 2025), and by failing to develop any meaningful argument or even attempting to explain what she means by this vague assertion, *see Government of Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019) ("A party forfeits an argument by mentioning it only in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.") (quotation marks omitted).

**II**

Ms. Abdelhady urges this court to reverse summary judgment for the University and then to enter partial summary judgment in her favor on her negligence claim. Abdelhady Br. 40. Her arguments fail. The workers' compensation that Ms. Abdelhady undisputedly received is an exclusive remedy for tort claims under D.C. law that precludes her from bringing suit on her negligence claim. *See Abdelhady*, 2022 WL 17364618, at *10.

Under D.C. law, "[t]he liability of an employer" under the D.C. Workers' Compensation Act "shall be exclusive and in place of all liability of such employer to the employee * * * on account of such injury[.]" D.C. Code § 32-1504(a). As a result, a worker "is barred from bringing a common law tort action against his employer for injuries which have been or could be compensated under the Act." *Garrett v. Washington Air Compressor Co.*, 466 A.2d 462, 463 (D.C. 1983); *see Estate of Underwood v. National Credit Union Admin.*, 665 A.2d 621, 630 (D.C. 1995) ("[A]s a *quid pro quo* for such automatic liability the Act provides the employee's exclusive remedy—an administrative remedy—against the employer for injuries within its reach.").

There is no question that Ms. Abdelhady's injuries not only could have been, but in fact were, compensated under the Act. Ms. Abdelhady's complaint admits she "believed this incident would be considered an injury under the District of Columbia's Workers' Compensation Act, and she therefore filed a workers compensation claim." J.A. 42. She also acknowledges that she received at least some compensation for her claim, even though it was not as much as she had sought. *See* J.A. 39 (noting that "GWU and PMA finally got around to making partial payment").

Ms. Abdelhady accordingly is barred by law from bringing her negligence claim against the University. If she wanted to contest the amount or the timeliness of her workers' compensation payments, she had to do that through the agency appeal process. *See Bender v. District of Columbia Dep't of Emp. Servs.*, 562 A.2d 1205, 1207 (D.C. 1989); Mot. to Dismiss

4

Ex., ECF No. 17-2 at 1–2 (D.C. Court of Appeals holding that Ms. Abdelhady is "obligat[ed] * * * to raise her challenge[s] * * * with [the Compensation Review Board] in the first instance"); *see also* D.C. Code § 32-1522(b)(2A)(A) ("A party aggrieved by a compensation order may file an application for review with the Board within 30 days of the issuance of the compensation order."); *id.* § 32-1515 (providing recovery for workers when an employer withholds workers' compensation); *id.* § 32-1524 (providing procedure for modification of an award).

Ms. Abdelhady's argument that the University was "not entitled" to have its motion to dismiss granted because it is not "'a lawful self-insured'" employer is meritless because it is irrelevant to the legal bar on her negligence claim arising from her receipt of workers' compensation payments. Abdelhady Br. 42 (capitalization altered).

Lastly, Ms. Abdelhady briefly argues that the district court impermissibly converted the University's motion to dismiss to a motion for summary judgment. Abdelhady Br. 53–54. The district court did no such thing. The University filed a motion for partial summary judgment, Mot. for Partial Summ. J., ECF No. 18; *Abdelhady*, 2022 WL 17364618, at *1, so there was nothing for the district court to convert.

### III

Finally, Ms. Abdelhady appeals the grant of "all Rule 12(b)(6) and [Local Rule] 7(b) dismissals[.]" Abdelhady Br. 51 (capitalization altered). That challenge fails.

As for her objection to the district court's grant of the defendants' motions to dismiss, Ms. Abdelhady's opening brief contains one sentence arguing that the district court "disregarded most factual allegations" to deem her allegations "conclusory[.]" Abdelhady Br. 53. If Ms. Abdelhady intended that sentence to indicate that she is challenging the district court's 12(b)(6) rulings on all of her claims other than her negligence claim, she has failed for any one of those nine different rulings to make any specific arguments, to cite to legal precedent, or to identify any relevant facts precluding dismissal. This court cannot resolve arguments that are not presented to it in a posture fit for resolution. *See Rudometkin v. United States*, 140 F.4th 480, 492 (D.C. Cir. 2025) ("[Appellant] has thus forfeited such a challenge due to his failure to offer any non-cursory argument on the issue[.]"). Although Ms. Abdelhady briefly touches on the merits of the 12(b)(6) rulings for the first time in her reply brief, that is too late to preserve the issue. *United States v. All Assets Held at Credit Suisse (Guernsey) Ltd.*, 45 F.4th 426, 434 (D.C. Cir. 2022).

Ms. Abdelhady further contends that the district court impermissibly relied on Local Rule 7(b) to deem her "two fraud claims"—fraud and fraudulent misrepresentation—conceded. Abdelhady Br. 54–55, 55 n.14. According to Ms. Abdelhady, she complied with Local Rule 7(b) by adequately arguing these claims in her opposition brief. *Id.* at 55 (citing J.A. 225–235).

In ruling on her two fraud claims, the district court straightforwardly applied Federal Rule of Civil Procedure 9(b), which requires that a party alleging fraud "state with particularity the

5

circumstances constituting fraud or mistake[,]" FED. R. CIV. P. 9(b). *Abdelhady*, 2022 WL 17364618, at \*6. Ms. Abdelhady has shown no error of law or fact in the district court's determination that her pleading lacked the requisite particularity. Ms. Abdelhady's single-sentence argument in her opposition is that "[t]he alleged facts of this case make clear as to what the claims for fraud were, when they were made, how they were made, and to whom they were made." J.A. 237. That is pure *ipse dixit*; it is not a showing of particularized factual allegations. As a result, the district court did not abuse its discretion in concluding that the matter was conceded. *See TIG Ins. Co. v. Republic of Argentina*, 110 F.4th 221, 239 (D.C. Cir. 2024) (Plaintiff does not meet her burden by mentioning arguments only in "the most skeletal way" in opposing dismissal.); *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005) ("[A] litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.") (quotation marks omitted); *Government of Manitoba*, 923 F.3d at 179 (same).

Regardless, Ms. Abdelhady's fraud claims were deficient as a matter of law, and we can alternatively affirm the district court on that ground. *See Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 699 (D.C. Cir. 2009). The amended complaint nondescriptly asserts fraud by the University and PMA in "[mis]represent[ing] to Plaintiff and the public at large that [the University and PMA] undertook and assumed a duty under the D.C. Worker's Compensation Act[,]" seemingly referring to Ms. Abdelhady's assertion that the University falsified its self-insured status. J.A. 76–77. But Ms. Abdelhady never explained how these alleged misrepresentations injured her or defrauded her of anything given that she received a workers' compensation award that she did not challenge administratively. *See Pyles v. HSBC Bank USA, N.A.*, 172 A.3d 903, 907 (D.C. 2017) (requiring that a plaintiff plead detrimental reliance as an element of common law fraud); *Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1131 (D.C. 2015) (same for fraudulent misrepresentation). For that reason alone, her stated claims fail.

Finally, Ms. Abdelhady challenges the district court's dismissal of Count 1—her negligence claim—against Aramark. Abdelhady Opening Br. 55–56. According to Ms. Abdelhady, while she had moved to voluntarily dismiss her negligent infliction of emotional distress claim against Aramark, she had not dismissed her negligence claim. *Id.* The record shows otherwise. Ms. Abdelhady specifically told the court: "[I]f the Court maintains that Count I, for negligence/premises liability, against the Aramark Defendants is not certifiable under Rule 54(b)[,] \* \* \* *the Court should order Count I dismissed with prejudice against the Aramark Defendants*[.]" Resp. to Mot. to Dismiss, ECF No. 121 at 4 (emphasis added); Mem. Order, ECF No. 125 at 2 (denying Ms. Abdelhady's motion to enter partial final judgment under Rule 54(b)).

## IV

For the foregoing reasons, we affirm the judgment of the district court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**Per Curiam**

                                           **FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk